UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS D. GABARRETTE, | No. C 09-4004 JSW (PR) |
| Petitioner, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND AND INSTRUCTIONS TO THE CLERK** |
| v. | |
| EVANS, Warden, | |
| Respondent. / | |

Petitioner, currently incarcerated at Corcoran State Prison in Corcoran, California, attempted to file a document in the United States Court of Appeals for the Ninth Circuit on August 14, 2009. The document reflects that Petitioner is an inmate wishing to file a case who has a disability covered by the Americans with Disability Act and requesting accommodation in the form of assignment of counsel and large print. In an attachment to the form, Petitioner included a 2002 motion for appointment of counsel in state court and a docket sheet and order denying a 2004 petition for a writ of habeas corpus issued by this Court. Petitioner's documents do not specify what type of case Petitioner is currently attempting to file or the relief that he is seeking.

These documents were forwarded to this Court by the Ninth Circuit on August 28, 2009. Although this Court sent Petitioner separate notices on that date that he must complete and file a complaint or petition and must file a complete *in forma pauperis application* within thirty days, Petitioner did not do so. Instead, Petitioner sent an affidavit to the Ninth Circuit requesting "assistance" but again failing to include the type

of relief he is seeking.

The Court is now conducting a review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. However, because Petitioner has not provided the Court with sufficient information about what kind of relief he seeks, the petition is now dismissed with leave to amend within thirty days of the date of this order.

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B. <u>Review of Petitioner's Filings</u>

Petitioner provided the Ninth Circuit with sufficient information to determine that a prior habeas corpus petition addressing the constitutionality of his state conviction was decided by Judge Martin J. Jenkins on February 21, 2007 under Case No. C 04-5454 MJJ (PR). It is not clear whether Petitioner is now attempting to file an appeal of that decision almost three years after the decision denying habeas relief, or whether Petitioner seeks to file a separate civil rights or habeas matter.

A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). In other words, a writ of habeas corpus is available under § 2254(a) "only on the basis of some

of relief he is seeking.

The Court is now conducting a review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. However, because Petitioner has not provided the Court with sufficient information about what kind of relief he seeks, the petition is now dismissed with leave to amend within thirty days of the date of this order.

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B. <u>Review of Petitioner's Filings</u>

Petitioner provided the Ninth Circuit with sufficient information to determine that a prior habeas corpus petition addressing the constitutionality of his state conviction was decided by Judge Martin J. Jenkins on February 21, 2007 under Case No. C 04-5454 MJJ (PR). It is not clear whether Petitioner is now attempting to file an appeal of that decision almost three years after the decision denying habeas relief, or whether Petitioner seeks to file a separate civil rights or habeas matter.

A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). In other words, a writ of habeas corpus is available under § 2254(a) "only on the basis of some

transgression of federal law binding on the state courts." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)), *cert. denied*, 478 U.S. 1021 (1986). Petitioner has failed to provide the Court with sufficient information to determine what relief Petitioner seeks. Therefore, Petitioner's filing must be dismissed for failure to state a claim for relief. However, he will be given leave to amend to cure this defect within thirty days of the date of this order.

**CONCLUSION**

For the foregoing reasons and for good cause shown, this action is dismissed with leave to file an amended petition or complaint within ***thirty days*** of the date of this order. If Petitioner is attempting to file a habeas corpus petition, he must complete the Court's habeas form. If he seeks to file a civil rights action, he must complete the Court's prisoner civil rights complaint form. Failure to file a complete petition or complaint by the deadline will result in dismissal of this action. The Clerk of Court is directed to send Petitioner a copy of this Court's prisoner habeas and civil rights forms along with this order and to note that on the docket sheet.

If Petitioner is pursuing either such matter, he must also complete the Court's *in forma pauperis application* within thirty days of this Court's order. Failure to do so will result in the dismissal of this action. The Clerk of Court shall provide Petitioner with a copy of the application along with this order.

If Petitioner instead wishes to file a notice of appeal with regard to the underlying habeas decision by Judge Jenkins, he may do so by properly filing a notice of appeal on that matter, with the proper case number, C 04-5454 MJJ (PR). If that is Petitioner's intent, the instant case can be dismissed by Petitioner notifying the Court that he does not intend to pursue a separate matter. This may be done by filing a notice of voluntary dismissal on this matter.

It is Petitioner's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with any orders of the Court within the

3

| | |
|---|---|
| 1 | time allowed, or ask for an extension of that time. Failure to do so may result in the |
| 2 | dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil |
| 3 | Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) |
| 4 | applicable in habeas cases). |
| 5 | IT IS SO ORDERED. |
| 6 | DATED: January 25, 2010 |

*Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge

| | | |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | FOR THE | |
| 3 | NORTHERN DISTRICT OF CALIFORNIA | |

CARLOS D. GABARRETE,

    Plaintiff,

  v.

EVANS, Warden,

    Defendant.

Case Number: CV09-04004 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 25, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Carlos D. Gabarrete
P67996
P.O. Box 3481
Corcoran, CA 93212

Dated: January 25, 2010

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk